IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY                                              PLAINTIFF

VS.                           CASE NO. 4:11-CV-4054

SHARON ALAMO, SALLY DEMOULIN,
THOMAS SCARCELLO, STEVE LOVELETTE,
DONN WOLFE, JENNIFER KOLBEK,
JEANNE ESTATES APARTMENTS, INC.,
ADVANTAGE FOODS GROUP,
ACTION DISTRIBUTORS, INC.,
TONY ALAMO a/k/a BERNARD HOFFMAN                       DEFENDANT-INSUREDS

and

CHRISTHIAON COIE                                            DEFENDANT-CLAIMANTS

**MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment (ECF No. 104) filed on behalf of Plaintiff Nautilus Insurance Company ("Nautilus"). Defendants[1] have filed a response. (ECF No. 109). Nautilus has filed a reply. (ECF No. 113). The Court finds this matter ripe for consideration.

BACKGROUND

The Fourth Amended Complaint (ECF No. 49) and the present Motion for Summary Judgment seek a declaration from the Court regarding Nautilus's contractual obligations to defend and indemnify their respective Defendant-Insureds in cases before this Court and

---

[1] Defendants are Sharon Alamo, Sally Demoulin, Thomas Scarcello, Steve Lovellette, Donn Wolfe, Douglas "Sonny" Brubach, Ron Decker, Jennifer Kolbek, Angela Morales, Sanford White, Terri White, Jeanne Estates Apartments, Inc., Advantage Foods Group, Action Distributors, Inc., Rite Way Roofing, Inc., Tony Alamo a/k/a Bernard Hoffman, and Christhiaon Coie. Defendants that have been previously dismissed include Steve Johnson, Desiree Kolbek, Amy Eddy, Jeanette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, Pebbles Rodriguez, Seth Calagna, and Spencer Ondrisek. (ECF No. 98).

1

Arkansas state courts. The underlying cases referenced in the Fourth Amended Complaint are: *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, Case No. 4:10-cv-4124; *Ondrisek, et al. v. Hoffman*, Case No. 4:08-cv-4113; *Ondrisek, et al. v. Kolbek*, Case No, 4:09-cv-4100; *Ondrisek et al. v. Kolbek, et al.*, No. CV-2011-004-1, Circuit Court of Miller County, Arkansas; *Coie v. Alamo, et al.*, No. CV-2009-1854(V), Circuit Court of Sebastian County, Arkansas.[2] The Court will summarize the underlying cases in turn.

### A. The *Kolbek* suits

In August 2010, Desiree Kolbek, Amy Eddy, Jeannette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, and Pebbles Rodriguez filed suit in this Court against a number of defendants, including several Defendant-Insureds in the present case. The *Kolbek* plaintiffs were former members of Tony Alamo Christian Ministries ("TACM"). TACM is an organization of churches and businesses that are operated by individual members of TACM and Tony Alamo. Defendants in the *Kolbek* suit and the present declaratory judgment action are current or former members of TACM or businesses that have close ties with TACM. The *Kolbek* plaintiffs alleged that, when they were members of TACM, they were forced to become "spiritual wives" of Tony Alamo; they were moved into his home when they were minors; and they were subjected to frequent sexual, physical, and psychological abuse. This abuse allegedly took place on TACM property and was facilitated by TACM members and TACM businesses. Specifically, the Kolbek plaintiffs allege that the TACM businesses allowed Tony Alamo access to the young

---

[2] The Fourth Amended Complaint also references *United States v. Bernard Hoffman, a/k/a Tony Alamo,* Case No. 4:08-cr-40020. In Case No. 4:08-cr-40020, Tony Alamo was convicted and sentenced in this Court for various criminal activities. Restitution was awarded in the case on November 13, 2009 and amended on February 28, 2010. Steve Johnson requested that Nautilus protect him against the possible auction of his property to satisfy the restitution award against Alamo. As noted previously, all of Nautilus's claims against Steve Johnson have been dismissed, and Steve Johnson has fully released Nautilus with respect to the restitution claim. Accordingly, it is no longer at issue in this action.

girls; endorsed or facilitated the "spiritual weddings" with the girls; failed to protect the girls from sexual abuse and beatings; and failed to keep the locations they managed in a reasonably safe condition. The *Kolbek* Complaint asserted claims of negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, outrage, transporter liability under 18 U.S.C. § 2255, and trafficking liability under 18 U.S.C. § 1595.

In 2013, through mediation, Nautilus entered into a Confidential Settlement Agreement with the *Kolbek* plaintiffs on behalf of several *Kolbek* defendants who are also Defendant-Insureds in the present case. The settlement resulted in the voluntary dismissal of claims against many of the defendants in the *Kolbek* suit. Thereafter, the Court dismissed with prejudice all federal law claims against the remaining defendants in the *Kolbek* suit (Case No. 4:10-cv-4124, ECF No. 716) and dismissed without prejudice all state law claims asserted by the *Kolbek* plaintiffs. (*Id.*, ECF No. 722).[3] After the dismissal of their federal suit, the *Kolbek* plaintiffs re-filed their claims in the Miller County Circuit Court on January 14, 2014, *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, Case No. 46CV-14-8-2. (ECF No. 107, Exh. E). When the case was re-filed, the defendants were limited to Tony Alamo, Jeanne Estates Apartments, Inc., and Twenty First Century Holiness Tabernacle Church. The allegations in the state suit mirror the allegations made in the dismissed federal suit, and the *Kolbek* plaintiffs make the same claims for negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, and outrage.

---

[3] The Court's order dismissing the state claims was appealed by certain defendants and later affirmed by the Eighth Circuit. (Case No. 4:10-cv-4124, ECF No. 737).

3

In light of the *Kolbek* settlement, the dismissal of the remaining claims in the federal *Kolbek* case, and the exclusion of many Defendant-Insureds in the newly filed *Kolbek* state suit, Nautilus has voluntarily dismissed its *Kolbek*-related claims against all Defendants except Jeanne Estates Apartments, Inc. and Tony Alamo.  (ECF Nos. 98 & 119).  Nautilus seeks a declaration from the Court that they owe no coverage to Tony Alamo or Jeanne Estates Apartments, Inc. for any of the alleged misconduct that forms the basis of the claims in the *Kolbek* federal case and state case and that they have no duty to provide a defense to either Defendant.

### B.  The *Ondrisek* suits

*1.  The Ondrisek Battery Suit*

In November 2008, Spencer Ondrisek and Seth Calagna filed suit in this Court against Tony Alamo and John Kolbek.[4]  Ondrisek and Calagna alleged that they were repeatedly beaten by and/or at the direction of Tony Alamo and John Kolbek over a period of several years.  Ondrisek and Calagna sought damages for battery, false imprisonment, tort of outrage, and conspiracy as a result of those beatings.  In October 2009, Ondrisek and Calagna obtained a default judgment against John Kolbek for $1 million in compensatory damages and $2 million in punitive damages. In June 2011, Ondrisek and Calagna obtained a judgment against Tony Alamo for battery, outrage, and conspiracy and were awarded $6 million in compensatory damages and $60 million in punitive damages.  In October 2012, the Eighth Circuit reversed the award of $60 million in punitive damages and remanded the case to the district court for entry of a verdict imposing $24 million in punitive damages. The Eighth Circuit otherwise upheld the June 2011 judgment.

---

[4] The case in its original iteration was against both Tony Alamo and John Kolbek, Case No. 4:08-cv-4113.  John Kolbek was later severed from the case, and the claims against him proceeded under a new case number, 4:09-cv-4100.

*2. The Ondrisek Fraudulent Transfer Suit*

In January 2011, Ondrisek and Calagna filed suit in the Circuit Court of Miller County against various defendants, including Defendant-Insureds Jennifer Kolbek and Jeanne Estates Apartments, Inc. *Ondrisek et al. v. Kolbek, et al.*, No. CV-2011-004-1. The complaint alleges that Jennifer Kolbek and John Kolbek fraudulently transferred their title to certain real property in Miller County and Sebastian County to other defendants named in the fraudulent transfer suit. The Kolbeks allegedly made the transfers with actual intent to hinder, delay or defraud Ondrisek and Calagna with respect to their rights to John Kolbek's interests in the properties pursuant to Ark. Code Ann. §45-59-204(a)(1) and (2). Ondrisek and Calagna allege that they are entitled to avoidance of the purported transfers and to an order levying execution on the properties in satisfaction of the judgment entered against John Kolbek in the *Ondrisek* battery suit.

Defendants Jeanne Estates Apartments, Inc., Jennifer Kolbek, and Thomas Scarcello have requested that Nautilus defend them with respect to the *Ondrisek* battery suit. Nautilus seeks a declaration from the Court that they owe no coverage to these Defendants for any of the alleged misconduct that forms the basis of the claims in the *Ondrisek* battery suit or fraudulent transfer suit and that they have no duty to provide a defense to any of the Defendants in this case.

**C. The *Coie* suit**

The *Coie* Suit is a lawsuit filed in Circuit Court of Sebastian County, Arkansas, Fort Smith District, Civil Division, on November 12, 2009, *Coie v. Alamo, et al.*, Case No. CV 2009-1854(V). Christhiaon Coie is the sole plaintiff in the suit. Coie seeks declaratory judgment to establish her rights to execute a $100,000 judgment against Tony Alamo by forcing the sale of certain real estate allegedly held by Defendant Jeanne Estates Apartments, Inc., Defendant Jennifer Kolbek, and others who are not Nautilus insureds and/or not parties to the present

5

declaratory judgment action. The judgment that Coie seeks to execute was entered against Tony Alamo on September 14, 1995 after a trial in which Alamo was found liable to Coie for the tort of outrage. Specifically, the trial judge ruled that Coie was entitled to damages because Alamo removed her mother's remains and refused to tell her the subsequent location of her mother's remains. Defendants Jeanne Estates Apartments, Inc. and Jennifer Kolbek have requested that Nautilus defend them with respect to the *Coie* suit. Nautilus seeks a declaration from the Court that they owe no coverage to Jeanne Estates Apartments, Inc. or Jennifer Kolbek for any of the alleged misconduct that forms the basis of the claims in the *Coie* suit and that they have no duty to provide a defense to either Defendant.

## DISCUSSION

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92

6

F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

As an initial matter, the Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id*. Therefore, if the Court finds that Nautilus has no duty to defend under the policies, then it also has no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id*. "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id*. at 813. However, "where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*. The Court will separately address Nautilus's duty to defend in the *Coie*, *Ondirsek*, and *Kolbek* suits.

### A. The *Coie* Suit

Beginning in 1997, Nautilus issued a number of liability insurance policies to various Defendants. The judgment that Christhiaon Coie seeks to execute was entered against Tony Alamo on September 14, 1995. Accordingly, the Nautilus polices were issued *after* Coie's judgment, and the allegations against the Defendant-Insureds occurred prior to the inception of coverage. Because the policies were not in effect at the time of the judgment, no genuine issue

of material fact exists as to coverage for the *Coie* claims, and summary judgment is appropriate. *See Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 6, 431 S.W.3d 900, 906 (Ark. 2014).[5]

### B. The *Ondrisek* Suits

Nautilus argues that it has no duty to defend or indemnify claims arising from the *Ondrisek* suits because Nautilus has obtained releases from the *Ondrisek* plaintiffs through mediation and/or the policies do not provide coverage for the behavior alleged in the *Ondrisek* suits.

In 2013, through mediation, Nautilus entered into a Confidential Settlement Agreement with the *Ondrisek* plaintiffs on behalf of the remaining Defendants in this case with the exception of Jeanne Estates Apartment, Inc., Tony Alamo, and Sharon Alamo.[6] Despite the settlement on their behalf and the dismissal of the claims against them, these Defendants have refused to sign documents releasing their claims for coverage against Nautilus. Nautilus argues that the policies gave it authority to settle on behalf of Defendants, with or without their consent,[7] and that the settlement satisfied any coverage obligation that Nautilus might have had to the Defendants with respect to the *Ondrisek* plaintiffs' claims. Defendants have not responded to Nautilus's arguments on this point. Accordingly, the Court finds that summary judgment in favor of Nautilus is appropriate as to the Defendants whose claims have been settled.

---

[5] The Court notes that Defendants did not respond to Nautilus's arguments regarding coverage for claims made in the *Coie* suit. Accordingly, in addition to the reasons stated above, Nautilus is entitled to summary judgment on the *Coie* claims because Defendants have waived the argument. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

[6] Sharon Alamo was not named as a defendant in any of the *Ondrisek* suits.

[7] The Nautilus policies provide that Nautilus may, at its discretion, "investigate any 'occurrence' and settle any claim or 'suit' that may result." (ECF No. 106, ¶ 27).

The Court will now address the non-settling Defendants, Jeanne Estates Apartments, Inc. ("JEA") and Tony Alamo. While JEA was not a named defendant in the *Ondrisek* battery suit, JEA made a demand for the defense of Tony Alamo in that case. Nautilus argues that Tony Alamo is not an insured as defined by the Nautilus policies issued to JEA, and, therefore, the policies provide no coverage for Alamo's alleged actions.

The policies issued to JEA define insureds as follows:

> If you are designated in the Declarations as:
> ....
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "Executive Officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
> Each of the following is also an insured:
>
> a. Your "employees" other than either your "Executive Officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

The Arkansas Supreme Court, construing an identical definition of insured under another insurer's policy in a related case, has already held that Tony Alamo "was not acting as an officer or director for JEA, nor with respect to any liability as a stockholder of JEA, nor as an employee performing duties related to the conduct of the business of JEA when he caused harm to the *Ondrisek* plaintiffs. Therefore, Tony Alamo was not an insured party under JEA's insurance policy." *Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 7, 431 S.W.3d 900, 906 (Ark. 2014). The Supreme Court also found that the *Ondrisek* complaint "did not contain any specific allegation that any of the actions that caused harm to the plaintiffs were carried out on JEA's property." *Id*.

9

In light of the Arkansas Supreme Court's holdings,[8] the Court finds that no genuine issue of material fact exists as to coverage for the claims against Tony Alamo in the *Ondrisek* battery suit. Accordingly, summary judgment in favor of Nautilus is warranted.[9]

### C. The *Kolbek* Suits

Nautilus has voluntarily dismissed its *Kolbek*-related claims against all Defendants except JEA and Tony Alamo. (ECF Nos. 98 & 119). As to JEA and Tony Alamo, Nautilus argues that it has no duty to defend or indemnify claims arising from the currently pending *Kolbek* state action because JEA's policies do not provide coverage for the behavior alleged in the suit. Nautilus further argues that it has no duty to defend or indemnify Tony Alamo because he is not an insured as defined by the Nautilus policies issued to JEA. In response, Defendants argue that the *Kolbek* portion of this declaratory judgment action is no longer justiciable in light of the dismissal of the underlying *Kolbek* federal suit—the only *Kolbek* suit that is specifically referenced in Nautilus's Fourth Amended Complaint. In the alternative, Defendants argue that the JEA polices provide coverage for claims currently pending in the *Kolbek* state action.

#### 1. Justiciability of the claims against JEA

Without citing any law, Defendants conclude that Nautilus's *Kolbek*-related claims against JEA and Tony Alamo are no longer justiciable because the federal *Kolbek* suit referenced in the Fourth Amended Complaint has been dismissed. The Court disagrees.

---

[8] Alternatively, the Arkansas Supreme Court held that, even if Alamo was an insured under the JEA policy, the policy coverage was not applicable to the actions that Alamo was accused of in the *Ondrisek* complaint because all of the allegations were comprised of intentional tortious acts. *Kolbek*, 431 S.W.3d at 906-07. JEA's policy specifically excluded coverage for "'body injury' or 'property damage' expected or intended from the standpoint of the insured." *Id.* The same exclusion is included in the policy at issue in this case and would preclude coverage.

[9] The Court notes that Defendants did not respond to any of Nautilus's arguments regarding coverage for claims made in the *Ondrisek* suit. Accordingly, in addition to the reasons stated above, Nautilus is entitled to summary judgment on the *Ondrisek* claims because Defendants have waived the argument.

After this Court dismissed the *Kolbek* state claims against JEA and Tony Alamo without prejudice, the *Kolbek* plaintiffs quickly filed suit in state court re-alleging the same state claims against these defendants. Because the state court complaint was filed after Nautilus's Fourth Amended Complaint, the state court action is obviously not referenced in Nautilus's Fourth Amended Complaint. Nonetheless, it is clear that a justiciable controversy still exists between Nautilus, JEA, and Tony Alamo. The *Kolbek* state action makes the same allegations and asserts the same claims as the *Kolbek* federal action, JEA and Tony Alamo are defendants in the state action, and JEA has indicated that they are seeking a defense and indemnification from Nautilus in the state action. (ECF No. 107, Exh. B-C). Nautilus has provided the Court with the *Kolbek* state complaint and has thoroughly briefed the issues it presents. Accordingly, the Court finds no impediment to deciding whether the facts and allegations that gave rise to the *Kolbek* actions establish a duty to defend or indemnify by Nautilus.

### 2. Tony Alamo as a JEA Insured

The Court has already found that Tony Alamo was not an insured under JEA's insurance policies as they related to the *Ondrisek* claims. Similarly, there is no evidence to suggest that Tony Alamo was acting as an officer or director for JEA, as a stockholder of JEA, or as an employee performing duties related to the conduct of the business of JEA when he allegedly caused harm to the plaintiffs in *Kolbek*. Therefore, Tony Alamo was not an insured party as defined under the JEA policies. Just as summary judgment was warranted as to the *Ondrisek* claims, summary judgment in favor of Nautilus is warranted as to coverage for claims against Tony Alamo in the *Kolbek* state action.[10]

---

[10] Once again, Defendants' opposition to the motion for summary judgment does not attempt to respond to Nautilus's argument that Tony Alamo is not an insured as defined by the JEA policies. Accordingly, Defendants have waived the argument.

### 3. Policy coverage

Nautilus argues that it has no duty to defend or indemnify JEA because (1) the conduct alleged in *Kolbek* is not covered due to the classification limitation exclusion or designated premises limitation in several of the policies; (2) for the policies that do not include the classification limitation exclusion or designated premises limitation, the conduct alleged in *Kolbek* is not covered because it is outside the parameters of the JEA business activities described in the policies; and (3) various exclusions in all of the policies, such as the expected/intended injury exclusion and the joint venture exclusion, bar coverage.

*a. Policies containing a classification limitation exclusion or designated premises limitation*

The policies issued to JEA are commercial general liability policies. The description on the policies states that JEA is a rental property organization, and the policies set out the specific JEA properties that are covered. (ECF No. 107, Exh. F-G). Several of the Nautilus policies state that coverage is limited to liability arising out of the operations, or premises and operations, spelled out in the declarations page of the policy:

> This insurance applies only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or 2. The project shown in the Schedule.

(ECF No. 107, Exhibit G, at KN 2750). Similarly, many of the policies include a classification limitation exclusion which provides that: "This insurance does not apply to 'bodily injury' [or] 'personal and advertising injury'…for operations which are not classified or shown on the Commercial General Liability Coverage declarations, its endorsements or supplements." (ECF No. 107, Exhibit F at KN 2714).

In *Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 431 S.W.3d 900 (Ark. 2014), the Arkansas Supreme Court construed a policy limitation that is very similar to the provisions above. The policy in that case provided that "the insurance applies only to 'bodily injury,' 'property damage,' 'personal injury,' 'advertising injury,' and medical expenses arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." *Id*. at 908. The Court held that "[n]one of the allegations in the *Kolbek* complaint were connected to the ownership, maintenance, and use of JEA's premises, nor were they connected to the necessary or incidental operations of JEA." *Id*. The Court went on to note that "the injuries and damages in the *Kolbek* case truly all stem from the abuse suffered by the [*Kolbek* plaintiffs]. No court could help but be sympathetic to those individuals and the injuries they suffered. However, the apartment-liability contract issued by TIE/FIE simply does not exist to provide an insured coverage for this type of alleged harm." *Id*. at 910.

In this case, the Nautilus policies containing the classification limitation exclusion and the designated premises limitation specifically state that they provide coverage only for JEA's apartment building operations and premises listed in the policies. In accordance with the Arkansas Supreme Court's interpretation of similar provisions, the Court finds that the *Kolbek* allegations are not connected with the ownership, operations, maintenance or use of the JEA properties listed in the policies and are not connected with the apartment rental operations of JEA in general. Accordingly, these policies do not provide coverage for the *Kolbek* plaintiffs' claims.

 *b. Policies that do not include the classification limitation exclusion or designated premises limitation*

Some of the policies issued by Nautilus do not contain provisions explicitly limiting coverage to premises specifically listed in the policy. However, for largely the same reasons

explained above, the allegations in the *Kolbek* suit clearly fall outside the scope of risks Nautilus agreed to insure as to JEA. *See Gemini Ins. Co. v. S & J Diving, Inc*., 464 F. Supp. 2d 641, 650 (S.D. Tex. 2006); *Westfield Ins. Co. v. Rose Paving Co*., No. 12 C 40, 2014 WL 866119, at *3 (N.D. Ill. Mar. 5, 2014). The declarations, endorsements and supplements of the Nautilus policies classify JEA operations as apartment building owner, rental property, or property owner. (ECF No. 106, ¶ 12-27). Under the policies, Nautilus agreed to defend and indemnify JEA insureds "with respect to the conduct of [the] business" and JEA employees "for acts within the scope of their employment…while performing duties related to the conduct of [the] business." *Id*. It is clear from the policy that the premiums JEA agreed to pay for the insurance coverage were based on the risks associated with an apartment rental business. The factual allegations in *Kolbek* and the injuries sustained by the *Kolbek* plaintiffs are not sufficiently connected with JEA's apartment rental operations. The cost of providing insurance to JEA was never premised on the operations of Tony Alamo Christian Ministries or the actions that would be taken by the head of the church and church members. Again, policies like the ones issued to JEA in this case "simply do[] not exist to provide an insured coverage" for abuse suffered at the hands of Tony Alamo and Tony Alamo Christian Ministries. *Kolbek v. Truck Ins. Exch.,* 431 S.W.3d at 910.

    *c. Exclusions*

Because the Court has found that the policies do not provide coverage for the types of allegations found in the *Kolbek* state action, the Court finds it unnecessary to address Nautilus's various policy exclusion arguments.[11] However, the Court notes that the Arkansas Supreme Court briefly addressed policy exclusion arguments in *Kolbek v. Truck Ins. Exch* and found that

---

[11] Incidentally, the arguments were not well developed in the parties' summary judgment briefs.

exclusions [12] similar to those in the Nautilus policies would "apply to a majority of the allegations" in the *Kolbek* suit. *Id*. at 910.

## CONCLUSION

For the reasons stated above, the Court finds that Nautilus's Motion for Summary Judgment (ECF No. 104) should be and hereby is **GRANTED**. A judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 31st day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[12] The applicable exclusions raised by Nautilus and mentioned in *Kolbek v. Truck Ins. Exch.* include the "expected or intended injury" exclusion ("'bodily injury' or 'property damage' expected or intended from the standpoint of the insured") and the exclusion of joint ventures as insureds ("No person or organization is insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."). (ECF No.107, Exh. F, 2693 & 2701).